THE STATE EX REL. ADAMS, APPELLANT, *v.*
TELEDYNE OHIOCAST ET AL., APPELLEES.

[Cite as *State ex rel. Adams v. Teledyne Ohiocast* (1994), 71 Ohio St.3d 182.]

(No. 93–2139—Submitted October 24, 1994—Decided December 14, 1994.)

184

*Michael J. Muldoon,* for appellant.

*Vorys, Sater, Seymour & Pease* and *Anne C. Griffin,* for appellee Teledyne Ohiocast.

*Lee Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* Claimant contends that so long as he cannot return to his former position of employment—an allegation that the parties do not seriously dispute—he is entitled to temporary total disability compensation, regardless of the durational character of his condition. He alternatively claims that permanency, if relevant, is unsubstantiated. For the reasons to follow, we affirm the judgment of the appellate court.

Temporary total disability compensation is not payable to a claimant whose condition has become permanent. *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586. Claimant's initial proposition, therefore, lacks merit, since "permanency" is always relevant to a temporary total disability determination.

We next examine the order for the presence of "some evidence." Claimant assails the thirteen-year gap between Dr. Saunders' two reports. Dr. Saunders was not being asked to speculate as to the permanency of claimant's condition prior ever to having examined him. He was simply asked to clarify conclusions derived from his 1978 examination.

We question, however, whether Dr. Saunders was using the term "permanen[cy]" in the relevant *Ramirez* sense, *i.e.*, reaching maximum medical improvement. R.C. 4123.56(A). As claimant accurately observes, a condition may be permanent, in that it cannot be completely resolved, yet it may also respond positively to treatment, making a declaration of "permanency" as used in *Ramirez* premature. *State ex rel. Kaska v. Indus. Comm.* (1992), 63 Ohio St.3d 743, 591 N.E.2d 235; *State ex rel. Bing v. Indus. Comm.* (1991), 61 Ohio St.3d 424, 575 N.E.2d 177. "Permanency," therefore, may bar temporary total disability compensation only where "there is a *clear* indication that the claimant's condition will not improve." (Emphasis added.) *Kaska*, 63 Ohio St.3d at 746, 591 N.E.2d at 237.

Dr. Saunders' reference to "permanen[cy]" does not rise to this level. Neither report by Dr. Saunders expressly addresses the potential, or lack thereof, for improvement over the relevant period. Read together, the reports do no more than discuss the severity of claimant's condition and recount the tests performed.

The lack of "some evidence" supporting denial of compensation does not, however, translate into "some evidence" supporting its award. *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105. In this case, the remaining evidence does not support payment of temporary total disability benefits. Even Dr. Pavlatos cannot substantiate a condition amenable to further improvement. Without elaborating, Dr. Pavlatos certified temporary total disability from May 1, 1980 to September 1, 1981 on the C85A form. His 1985 detailed narrative, however, chronicles a condition that has not improved since its onset. His narrative can only be viewed one of two ways—as equivocal or as a repudiation. Either way, the Pavlatos reports cannot be "some evidence" supporting temporary total disability. *State ex rel. Jennings v. Indus. Comm.* (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420; *State ex rel. Paragon v. Indus. Comm.* (1983), 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.