THE STATE EX REL. EATON CORPORATION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Eaton Corp. v. Indus. Comm.* (1997), 80 Ohio St.3d 479.]

(No. 95–1131—Submitted December 3, 1997—Decided December 31, 1997.)

" * * *

481

*Willacy & Lopresti, Aubrey B. Willacy* and *M. Scott Young,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Industrial Commission.

*Victor H. Hahn,* for appellee Johnson.

---

**Per Curiam.** Eaton assails claimant's eligibility for permanent total disability compensation and, alternatively, the commencement date of the award. Upon review, we find neither argument to be persuasive and affirm the judgment of the court of appeals.

Eaton contends that the commission abused its discretion in relying on Dr. McCloud's report as "some evidence" in support of its decision. Eaton argues that Dr. McCloud's report was invalid because he did not discuss claimant's non-allowed degenerative back condition and did not specifically exclude it from his impairment assessment. We recently rejected this argument in a case involving the same employer—*State ex rel. Eaton Corp. v. Indus. Comm.* (1997), 80 Ohio St.3d 352, 686 N.E.2d 507.

Eaton also argues that the commencement date of claimant's award of permanent total disability compensation is unsupported by "some evidence." However, because Eaton did not raise this argument below—a point which it does not dispute—it has waived this proposition. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, 462–463.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.