THE STATE EX REL. EATON CORPORATION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Eaton Corp. v. Indus. Comm.* (1997), ___ Ohio St.3d ___.]

*Workers' compensation — Award of permanent total disability compensation by Industrial Commission not an abuse of discretion when supported by "some evidence."*

(No. 95-1131 — Submitted December 3, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD10-1420.

Appellee-claimant, Roy L. Johnson, was injured on November 4, 1982, while in the course of and arising from his employment with appellant, Eaton Corporation. Appellee Industrial Commission of Ohio allowed his workers' compensation claim for "[r]uptured L5-S1 with sciatica; disc herniation L4-S1." Treatment for claimant's degenerative disc disease, however, was specifically disallowed.

Claimant underwent three surgeries for the allowed conditions with little success. On April 5, 1988, claimant applied for permanent total disability compensation. Accompanying his motion was a C-85A claim reactivation form with attending physician's report, dated April 4, 1986, and a narrative dated December 18, 1986, from Dr. Robert D. Zaas, who indicated that the claimant was unable to do sustained remunerative employment. Dr. Zaas, however, appeared to attribute claimant's permanent total impairment, in part, to his nonallowed degenerative disc disease.

Dr. W. Jerry McCloud examined claimant on behalf of the commission and concluded:

"In summary, this individual does have loss of lumbar reserve and may have some radicular changes and actually should have some radicular changes as he has had surgery on three different occasions. * * * I think that he would have restrictions against repetitive lifting of objects whose weight would exceed some 20 pounds and consistent with primarily his historical complaints he should not be asked to stand or ambulate for uninterrupted intervals exceeding an estimated four hours but I do not think other restrictions would exist. Again, this individual has had surgery on three different occasions and one might anticipate finding flaming radicular testing procedures but such is not the case in regard to his evaluation.

"It is my opinion that the medical evidence would indicate that Mr. Johnson is capable of work activities. The changes are permanent and he has reached a level of maximum medical improvement and demonstrates a permanent partial impairment of 50%, 35% related to loss of almost the entirety of his functional lumbar reserve and 15% related to his historical complaints[,] although there is something of an absence of positive physical findings."

Claimant also submitted a vocational evaluation from William L. Fink. Vocational consultant Fink reported:

"Mr. Johnson was born in a coal-mining area of West Virginia. As best that he could remember he went to school to either the fifth or sixth grade. He said that he was either 14 or 15 years old when he left school. If he had left school at age 14[,] his appropriate grade placement would have been the 9th grade, if he had been 15 when he left school[,] proper grade placement would have been the 10th grade.

"Attached to this report is a writing sample with an explanation how the writing sample test was administered. The end result is that Mr. Johnson is a functional illiterate. * * *

2

"All of Mr. Johnson's past jobs were unskilled labor [and], therefore, there can be no implication that he was skilled or has any transferable skills. His past work required the ability to stand, bend and lift. The exertional demands of his past work was [*sic*] no less than medium level work and at times his work required heavy to very heavy exertional effort.

"As noted in the previously referred to writing sample, titled 'Addendum', Mr. Johnson is illiterate, threfore [*sic*] there can be no implication of his utilizing or being trained for any area of clerical skills or jobs that require even minimal writing.

"* * *

"All of Mr. Johnson's past work required lifting and/or exertional effort of more than 20 pounds. Dr. McCloud's report limited him to that level; however, Dr. McCloud did not consider Mr. Johnson's past relevant work, nor did he know of Mr. Johnson's illiteracy.

"My opinion is [that] Mr. Johnson should be considered 100% permanently and totally disabled from the vocational point of view. Mr. Johnson has difficulty sitting for extended periods of time, he has difficulty standing, bending and lifting. With a lack of the previously-mentioned capabilities there simply are no jobs that Mr. Johnson could do. It is also my opinion that he is not a viable candidate for the vocational aspects of rehabilitation due to his age, lack of literacy and the findings as noted by Dr. McCloud."

The commission awarded claimant permanent total disability compensation, writing:

"The reports of Drs. Zaas and McCloud were reviewed and evaluated. This order is based particularly upon the report of Dr. McCloud, evidence in the file and/or evidence adduced at the hearing.

3

"In 1982, while moving a box, the claimant, Mr. Johnson, slipped and fell and sustained a ruptured L5-S1 disc with left sciatica. Mr. Johnson was treated surgically three times, twice in 1983 and once in 1990. These surgeries involved a laminectomy and diskectomy procedures as well as an exploration of the L4-5 nerve root space. Based upon this history, the claimant was examined by Dr. W. Jerry McCloud on behalf of the Commission. Dr. McCloud's report indicates that Mr. Johnson has a loss of his lumbar reserve and has radicular changes as a result of the herniation. These positive signs and the history demonstrated over the claim reveal that the claimant has restrictions against lifting objects whose weight would exceed 20 pounds[,] with the addition that the claimant should not be asked to stand or ambulate for uninterrupted intervals exceeding four hours. On this [*sic*] bases, the Commission accepts the report of Dr. McCloud and his conclusion that the claimant has a 50% total body impairment int [*sic*] he [*sic*] claim. As accepted, the report of Dr. Mccloud [*sic*] relates that the claimant has the ability to perform only sedentary levels of employment. A review of the claimant's vocation[al] history reveals that he is presently 55 years of age and has a 5th grade education. The claimant's vocational history includes that of a machine operator and towmotor driver. Moreover, the evidence on file relates that the claimant has a learning disability in that his ability to read and write is limited. When this vocational presentation is taken as a whole, it becomes readily apparent to the Commission that the claimant is not suited for undertaking vocational re-training intended to return him to sedentary levels of employment. Accordingly, the Commission finds that the claimant, Mr. Johnson, is permanently and totally disabled such that the instant application for permanent and total disability is granted."

4

Eaton filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding claimant permanent total disability compensation. The court of appeals found the order to be supported by "some evidence," and denied the writ.

This cause is now before this court upon an appeal as of right.

_____

*Willacy & Lopresti, Aubrey B. Willacy* and *M. Scott Young*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Industrial Commission.

*Victor H. Hahn*, for appellee Johnson.

_____

***Per Curiam.*** Eaton assails claimant's eligibility for permanent total disability compensation and, alternatively, the commencement date of the award. Upon review, we find neither argument to be persuasive and affirm the judgment of the court of appeals.

Eaton contends that the commission abused its discretion in relying on Dr. McCloud's report as "some evidence" in support of its decision. Eaton argues that Dr. McCloud's report was invalid because he did not discuss claimant's non-allowed degenerative back condition and did not specifically exclude it from his impairment assessment. We recently rejected this argument in a case involving the same employer — *State ex rel. Eaton Corp. v. Indus. Comm.* (1997), 80 Ohio St.3d 352, 686 N.E.2d 507.

Eaton also argues that the commencement date of claimant's award of permanent total disability compensation is unsupported by "some evidence." However, because Eaton did not raise this argument below — a point which it

does not dispute — it has waived this proposition. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 594 N.E. 2d 457, 462-463.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.