[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 510.]

THE STATE EX REL. ROADWAY EXPRESS, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Roadway Express v. Indus Comm.*, 1998-Ohio-213.]

*Workers' compensation—Industrial Commission's order granting an application for temporary total disability compensation an abuse of discretion once it has effectively determined applicant's condition to be permanent and at maximum medical improvement—Employer entitled to reimbursement from Surplus Fund under former R.C. 4123.515 and 4123.519.*

(No. 95-964—Submitted May 12, 1998—Decided August 5, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD03-375.

———————————

{¶ 1} Appellant, Industrial Commission of Ohio, seeks reversal of the Franklin County Court of Appeals' decision to grant appellee, Roadway Express, Inc. ("Roadway"), a writ of mandamus. The writ directed the commission (1) to vacate an order extending temporary total disability compensation ("TTD") to claimant Clair D. Getz after August 29, 1986, the date of a hearing at which a district hearing officer ("DHO") effectively determined that claimant's condition was no longer temporary; and (2) to reimburse Roadway from the Surplus Fund for TTD paid to Getz after that date.

{¶ 2} Getz was injured in 1980 while employed as a truck driver for Roadway, a self-insured employer. He was unloading some barrels when the toxic chemical contents escaped. His claim was allowed for "fumes inhalation, hysterical neurosis, dysthymic disorder."

{¶ 3} In December 1985 while receiving TTD, Getz applied for permanent total disability compensation ("PTD") based on the psychiatric report of G.M. Sastry, M.D. On December 3, 1985, Dr. Sastry certified that Getz was permanently

and totally impaired and would never be psychologically able to return to the work force.

**{¶ 4}** In July 1986, Roadway moved to terminate Getz's TTD on the ground that his condition had become permanent. Roadway submitted the medical reports of David W. Wiltse, M.D., and a psychologist, Dr. Giovanni M. Bonds. Dr. Bonds concluded that Getz's psychological condition was permanent and at maximum medical improvement; Dr. Wiltse could find no physical indication of lung disease.

**{¶ 5}** A DHO heard the matter on August 29, 1986 and, by order dated October 6, 1986, he denied Roadway's motion to terminate. The DHO ordered that TTD continue pending the processing of Getz's PTD application and the submission of substantiating medical proof. The DHO explained:

"Dr. Bonds, 5/19/86, indicates that claimant is not able to return to his usual employment as a truck driver at this time and claimant on 12/30/85 filed for permanent total disability."

**{¶ 6}** On Roadway's appeal, the Dayton Regional Board of Review affirmed the DHO's order. Roadway appealed to staff hearing officers ("SHOs"), and they also affirmed. In an order dated April 25, 1988, the SHOs explained:

"It is the finding and order of the [SHOs] that the employer's appeal filed 3-5-87 be denied, and the order of the Dayton Regional Board dated 1-30-87 be affirmed for the reason that it is supported by proof of record and is not contrary to law.

" * * *

"The [SHOs] further find that the report[s] of Dr[s]. Bonds, Brown, Grodner, Dillahunt and Sast[r]y were considered and found to support continuation of [TTD] benefits."

"This file to be referred to LEGAL for expedited processing of claimant's [PTD application]."

2

**{¶ 7}** Herbert Grodner, M.D., reported that Getz had no physical level of impairment; Donald L. Brown, M.D. reported that Getz's thirty to thirty-five percent psychiatric impairment did not preclude him from working; and Paul H. Dillahunt, M.D., who performed a combined-effects review, reported that Getz's impairment was permanent, but permitted him to work. But of all the doctors on whose opinions the SHO's relied, none found, to the extent they observed an impairment, that Getz was suffering from a temporary condition.

**{¶ 8}** Thereafter, the commission turned to Getz's application for PTD. After a hearing on February 14, 1989, the commission denied PTD based "particularly" on the Dillahunt report and Getz's nonmedical characteristics. Several weeks later, Roadway filed a second motion to terminate Getz's TTD. Roadway's motion relied on all the preceding medical reports and others, and it implicitly referred to the release of *State ex rel. Eaton v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46. This time, a DHO granted the motion and cut off TTD as of October 10, 1990, the hearing date. The DHO found:

"[T]he claimant's condition has reached maximum medical recovery in that [his] condition, in all reasonable medical probability, will continue for an indefinite period of time without any present indication of recovery therefrom."

**{¶ 9}** Apparently, no one appealed administratively.

**{¶ 10}** More than two years later, Roadway asked the commission to reconsider its April 25, 1988 SHO order continuing Getz's TTD from August 29, 1986 (the date on which a DHO heard Roadway's first motion to terminate Getz's TTD and referred his PTD application for further processing) to October 10, 1990 (the date Getz's TTD was cut off). And in October 1993, Roadway asked for reimbursement from the Surplus Fund for the $55,433.13 in TTD payments Getz received during that four years. The commission denied these requests on November 3, 1993, leaving the April 25, 1988 order undisturbed.

**{¶ 11}** Roadway filed for the instant writ on March 18, 1994. A referee recommended that the writ be granted, finding that the commission had abused its discretion in continuing Getz's TTD in accordance with the policy invalidated in *Eaton, supra,* and despite that Getz was not temporarily disabled according to all the evidence. The referee also followed *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1989), 44 Ohio St.3d 104, 541 N.E.2d 74, and granted Roadway Surplus Fund reimbursement for all TTD paid Getz after the August 29, 1986 DHO hearing. Over the commission's objections, the court of appeals adopted the referee's report and issued the requested writ vacating the commission's TTD award and granting Roadway reimbursement.

**{¶ 12}** The cause is before this court upon an appeal as of right.

_____

*Taft, Stettinius & Hollister* and *Charles M. Stephan*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellant.

_____

***Per Curiam.***

**{¶ 13}** Two issues are presented for our review: (1) Did the commission abuse its discretion in continuing Getz's TTD from August 29, 1986 until October 10, 1990? and (2) Is Roadway entitled to reimbursement from the Surplus Fund under former R.C. 4123.515 and 4123.519? For the reasons that follow, we hold that the commission's April 25, 1988 TTD award is invalid and that Roadway must be reimbursed. Accordingly, we affirm.

*Abuse of Discretion*

**{¶ 14}** Roadway argues that the commission had no basis upon which to continue Getz's TTD once it had effectively determined his condition to be permanent and at maximum medical improvement. We agree.

{¶ 15} The commission basically concedes that it acted on Getz's TTD and PTD claims pursuant to a policy, formerly employed as an administrative measure, to sustain such claimants for what used to be lengthy intervals between the decision to terminate TTD due to permanency and the decision to grant or deny PTD. *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46 ("*Eaton I*"), reconsidered and modified on other grounds (1989), 44 Ohio St.3d 106, 541 N.E.2d 64, denounced this policy because it paid TTD to claimants whose conditions were no longer temporary and, thus, did not qualify. *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586; *State ex rel. Adams v. Teledyne Ohiocast* (1994), 71 Ohio St.3d 182, 184, 642 N.E.2d 1093, 1095.

{¶ 16} *Eaton I* not only vanquished the commission's former practice of continuing TTD pending disposition of a PTD application, it underscored the fundamental principle that the commission abuses its discretion in awarding TTD without some evidence substantiating the claimant's eligibility for this compensation. But the commission maintains that *Eaton I* does not apply here because that ruling had only "prospective effect" and, thus, did not affect claims in which TTD was awarded prior to the *Eaton I* decision notwithstanding compelling proof of permanency.

{¶ 17} The commission misunderstands *Eaton I*. *Eaton I* had prospective effect in that it did not perfunctorily cut off compensation to claimants based on an invalid administrative procedure; however, the decision took immediate effect in that it directed the commission (1) to institute a new procedure that did not compromise the TTD eligibility standard for the "substantial number of claimants" receiving it pursuant to the invalid policy, and (2) to take appropriate remedial action to determine all affected claimants' total disability benefits "within ninety days of [the] decision, or as soon thereafter as is practicable." *Id.* at 408, 534 N.E.2d

at 51. Thus, in his concurrence, Justice Douglas confirmed that *Eaton I* reached beyond the claimants immediately before the court. He wrote:

"In making our order prospective, we should make it clear that it is our intention that no deserving person is terminated from benefits during the course of the administrative reorganization that, by necessity and order, now must take place." *Id.* at 419, 534 N.E.2d at 60. See, also, *State ex rel. Chrysler Corp. v. Indus. Comm.* (1998), 81 Ohio St.3d 158, 168, 689 N.E.2d 951, 959 (court recognized commission's duty to comply with *Eaton I* in *all* cases pending at that time).

{¶ 18} The commission did not comply with this directive here by timely reviewing the permanency/continued TTD dichotomy in Getz's claim. Moreover, the commission has not offered any excuse for its inaction. Where no circumstances of record prevent the commission's expeditious compliance with the admonition in *Eaton I*, this court has held that claimants are not entitled to TTD paid after the commission has definitively declared their condition permanent. *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1989), 44 Ohio St.3d 104, 541 N.E.2d 74; *State ex rel. Ford Motor Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 17, 599 N.E.2d 261; *State ex rel. Eaton Corp. v. Indus. Comm.* (1997), 80 Ohio St.3d 352, 356, 686 N.E.2d 507, 510-511 ("*Eaton II*"). Cf. *State ex rel. Chrysler Corp. v. Indus. Comm.*, *supra* (appeal of claim disallowance to common pleas court removed cause from commission's jurisdiction and precluded timely *Eaton* compliance).

{¶ 19} Thus, contrary to the commission's argument, the award of TTD to Getz after the commission had determined his condition to be permanent was invalid under *Eaton I*. Indeed, the court of appeals considered *State ex rel. Eaton v. Baker* (Mar. 2, 1995), Franklin App. No. 93APD10-1447, unreported, 1995 WL 89823, dispositive as to the invalidity of the April 25, 1988 award continuing TTD until October 10, 1990. We affirmed that earlier decision in *Eaton II*.

**{¶ 20}** The commission next attempts to argue res judicata, but it futilely asserts the finality of the 1988 TTD award invalidated by *Eaton I*. The commission also raises an inchoate laches argument. To establish this affirmative defense and defeat Roadway's claim for relief, the commission must prove material prejudice — Roadway's unexplained or unreasonable delay in asserting a right is not enough. *Eaton II; State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn.* (1989), 42 Ohio St.3d 86, 90-91, 537 N.E.2d 646, 650 (prejudice will not be inferred from the mere lapse of time). And material prejudice is not just any inconvenience or expense suffered by the party asserting laches in a mandamus action. Rather, prejudice is ordinarily represented by a respondent's inability to defend due to the passage of time. *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 35, 641 N.E.2d 188, 196. The commission has not alleged an inability to defend. Laches, therefore, will not save the commission's invalid award of TTD to an unqualified claimant, Getz.

*Reimbursement*

**{¶ 21}** Having found that the commission abused its discretion in continuing Getz's TTD after August 29, 1986, we must also decide whether Roadway is entitled to Surplus Fund reimbursement under former R.C. 4123.515 and 4123.519. We find reimbursement warranted.

**{¶ 22}** Former R.C. 4123.515 provided that self-insured employers receive reimbursement from the Surplus Fund for compensation paid on order of a regional board of review "[i]f the claim is subsequently denied, in whole or in part." 143 Ohio Laws, Part II, 3353. Former R.C. 4123.519(G) provided:

"If a mandamus or other court action results in a final determination that the compensation or benefits in an allowed claim should not have been paid, * * * [and] the employer is a self-insuring employer, the employer is entitled to reimbursement of the amount paid from the surplus fund * * *." 143 Ohio Laws, Part II, 3355-3356.

**{¶ 23}** These provisions were repealed by Section 2 of Am. Sub. H.B. No. 107 and followed by R.C. 4123.511, which was enacted in Section 1 of Am. Sub. H.B. No. 107. 145 Ohio Laws, Part II, 3148-3153. R.C. 4123.511(J), in particular, now allows self-insurers to offset erroneously paid compensation against future entitlements, but does not authorize reimbursement. Thus, Roadway is anxious to avoid the new law, and the commission wants it to apply.

**{¶ 24}** Section 7 of Am. Sub. H.B. No. 107, effective October 20, 1993, described how the old and new laws were to be applied:

"Sections 1 and 2 of this act apply to all claims for benefits or compensation, or both, filed on or after, and to all claims pending on the effective date of, this section * * *." 145 Ohio Laws, Part II, 3200.

**{¶ 25}** The commission contends that R.C. 4123.511(J) applies because it was effective when Roadway filed for the instant writ in the court of appeals in March 1994. Roadway responds that "claims * * * filed on or after, and claims pending on * * * [October 20, 1993]" refers only to compensation claims filed with the commission, and not to mandamus actions instituted after that date. According to Roadway, "[t]here were no claims for compensation or benefits pending as of October 20, 1993, as the issues [of TTD and PTD] had been decided by the [c]ommission well before that date."

**{¶ 26}** The court of appeals decided this question here by again agreeing with *State ex rel. Eaton v. Baker* (Mar. 2, 1995), Franklin App. No. 93APD10-1447, unreported, 1995 WL 89823. In that case, the court of appeals concluded:

"Clearly, the language referring to 'all claims for benefits or compensation * * * filed' refers to actions filed or pending with the commission, not mandamus actions pending or filed in court. Therefore, simply because relator filed its mandamus action on October 18, 1993, two days before the effective date of the changes in R.C. 4123.511, does not make it subject to the new provisions of the law. Here, there was no pending claim for benefits or compensation, as that issue was

finally determined in August 1992, when the Industrial Commission found claimant to be permanently totally disabled.  Therefore, relator is entitled to reimbursement from the surplus fund without offset against future payments to be made to claimant."

{¶ 27} As mentioned, we affirmed the result in *Baker* in *Eaton II*, including the conclusion that the employer was entitled to reimbursement from the Surplus Fund.  Surplus Fund reimbursement was similarly granted in *State ex rel. Peabody Coal Co. v. Indus. Comm., supra,* 44 Ohio St.3d at 105, 541 N.E.2d at 75.  Based on this authority, we must also order the commission to reimburse Roadway from the Surplus Fund for the TTD paid to Getz from August 29, 1986 to October 10, 1990.

{¶ 28} The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————