THE STATE EX REL. HILLSIDE DAIRY COMPANY
*v.* CONRAD, ADMINISTRATOR, ET AL.

[Cite as *State ex rel. Hillside Dairy Co. v. Conrad* (1999), 84 Ohio St.3d 314.]

(No. 97–1791—Submitted September 15, 1998—Decided January 13, 1999.)

---

*Willacy, LoPresti & Marcovy, Aubrey B. Willacy* and *M. Scott Young,* for relator.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for respondents Administrator, Bureau of Workers' Compensation, and Industrial Commission.

*Sonkin, Fromson, Kess & Koberna Co., L.P.A.,* and *Jeffrey M. Sonkin,* for respondent McKenney.

---

*Per Curiam.* Contrary to relator's representation, there is "some evidence" that claimant's temporary total disability from September 12, 1989 through March 8, 1992 was caused by the claim's allowed conditions alone. Dr. William Kay's March 24, 1997 report specifically attributed claimant's temporary total disability solely to claimant's allowed conditions. Recoupment of this payment is, therefore, a moot question.

No one contests relator's right to recover for medical expenses paid for "traumatic iritis left eye" and "strain and/or myofascitis of the lumbar area"— conditions that were ultimately disallowed by the Court of Common Pleas of Cuyahoga County. At issue is the statute governing relator's recovery—former R.C. 4123.515 or 4123.511(J). Pursuant to our recent decision in *State ex rel. Roadway Express v. Indus. Comm.* (1998), 82 Ohio St.3d 510, 696 N.E.2d 1064, we find that relator's recovery rights are controlled by former R.C. 4123.515.

A writ of mandamus directing the commission to vacate its award of TTD compensation is denied. A writ of procedendo directing respondent Bureau of Workers' Compensation to determine the amount of Surplus Fund reimbursement for medical expenses to which relator is entitled is granted.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.