OPINION
This appeal emanates from the Lake County Court of Common Pleas. Appellant, Richard Butera, appeals the trial court's judgment entry denying his petition for writ of mandamus. The trial court ruled that the defense of laches raised by appellees, the city of Willoughby Hills and the city of Willoughby Hills City Council, applied to the instant matter.
Appellant filed a mandamus action on February 9, 1999, against appellees to protect his right to compensation for the partial taking of his property. Appellees filed an answer on March 17, 1999, asserting the doctrine of laches as one of their affirmative defenses. On August 20, 1999, appellant filed a brief in support of mandamus. Subsequently, October 5, 1999, appellees filed their brief in opposition to the mandamus request. In a judgment entry dated February 25, 2000, the trial court denied appellant's petition in mandamus.
The record reveals that in 1971, appellant purchased property located on Lynn Drive in Willoughby Hills, Ohio ("sublot 12"). Thereafter, in 1983, appellant purchased the adjoining property on Lynn Drive ("sublot 13"). Lynn Drive was dedicated in 1962. At the time appellant purchased both parcels of land, he knew that there was a storm sewer pipe that cut across the property, but he claimed that he was unaware that there was no easement for the pipeline.
In his deposition, appellant testified that he knew about the flooding problems with sublot 13 about ten years prior to purchasing it. He also alleged that he knew "how to correct them [the flooding problems]." Appellant indicated that he did not consult with an expert or anyone about the flooding problems prior to purchasing sublot 13. He explained that he was aware of the flooding problem on sublot 13 since the 1970s because it used to flood the basement of his home located on sublot 12. He further stated that he was aware that another individual was interested in purchasing sublot 13, but failed to proceed with the transaction because of the flooding problem.
Appellant revealed, during his deposition, that the pipeline caused flooding on his property. In 1985, he informed the city of Willoughby Hills that something had to be done about the pipeline. According to appellant, an official from the city visited the site and they "discussed the runoff from Cricket Lane that was diverted through the property through the pipes that created the washout that rendered part of the property useless."
Furthermore, in a letter dated October 3, 1991, appellant informed the city that the flooding on his property was causing erosion and that "most of the erosion and sewage discharge problems stemmed from the [c]ity approved storm drainage plan for the Cricket Lane Subdivision. Drainage ditches along both sides of Cricket Lane collect storm run-off and run to the southerly end of Cricket Lane, from where it discharges directly onto [appellant's] property." The letter stated that the city "was made aware of the problem in 1985." In that letter, appellant also indicated that he proposed various solutions to alleviate the problem, but the city had chosen to accept none of them.
Appellant performed work on sublot 13 from 1990 through 1998, but he never applied for a permit. Appellant stated that "[e]very year there was dumping * * *." He further averred that trucks from different construction companies would haul dirt and dump it to fill his side. Appellant was filling in the Cricket Lane side of the property with dirt and then leveling it off. In fact, in response to this work, the city issued appellant a "stop work order."
Appellant appealed the trial court's February 25, 2000 judgment entry and now asserts the following as error:
 "The lower court erred in holding that [appellees'] equitable defense of laches applies to the instant case."
 Preliminarily, we note that attached to appellees' brief in opposition to the mandamus request filed on October 5, 1999, is a copy of appellant's deposition. However, the deposition is not signed by appellant, certified by the notary, or time stamped. Further, the transcript of docket entries does not show the filing of any deposition or copy thereof. Appellees' brief refers to the attached deposition, and appellant did not object to appellees' use of it. Therefore, we will "`accept [the parties'] statements as expressing an agreement between [them] that the deposition was, in some manner, brought to the trial court's attention, and that the judgment reached reflected the court's view of the evidentiary material provided therein.' Tillman v. The Fred W. Albrecht Grocery Co. (May 26, 1982), Summit App. No. 10551, unreported."
State Farm Fire and Cas. Co. v. Straw (Feb. 2, 2000), Medina App. No. 2849-M, unreported, at 1, fn. 2, 2000 WL 141077.
Turning to the merit of the case, the doctrine of laches involves an omission by a party to assert a right for an unreasonable and unexplained length of time under circumstances materially prejudicial to the opposing party. State ex rel. Eaton Corp. v. Indus. Comm. (1997),80 Ohio St.3d 352, 356. "[T]he elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." State ex rel. Mallory v.Pub. Emp. Retirement Bd. (1998), 82 Ohio St.3d 235, 244; State ex rel.Polo v. Cuyahoga Cty. Bd. of Elections (1995), 74 Ohio St.3d 143, 145. Prejudice is not inferred from the mere lapse of time, and "`in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim.'"Stevens v. Natl. City Bank (1989), 45 Ohio St.3d 276, 285, quoting Smithv. Smith (1959), 168 Ohio St. 447, paragraph three of the syllabus.
The abuse of discretion standard applies when an appellate court reviews a trial court's decision regarding the application of the doctrine of laches. Davis v. Davis (Sept. 12, 1995), Morrow App. No. CA-817, unreported, at 2, 1995 WL 615734. In order to find such an abuse, we must examine whether the decision of the trial court was unreasonable, arbitrary or unconscionable and not merely an error of judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In the instant matter, since appellees invoked the doctrine of laches, they had the burden of proving all of its elements. It is our view that appellees have established that appellant unreasonable delayed asserting his right, that there was no excuse for the delay, and that he had knowledge of the wrong. Thus, it appears that the first, second, and third elements of the laches defense are satisfied.
With respect to the fourth element of the laches defense, the ultimate question in this case is whether appellees have stated facts which demonstrate material prejudice resulting from appellant's delay in asserting the claim. Appellees argue that they would suffer material prejudice because appellant had been altering and modifying his land for several years. However, after reviewing the evidence before us, it is our view that appellees did not establish how appellant's delay in asserting his claim would cause them material prejudice. Even though appellant made alterations and modifications to the property for several years prior to filing the mandamus action, appellees have not demonstrated how these changes prejudiced them since the sewer pipe in question is still on the land despite the changes made on the site.
Therefore, appellees have failed to demonstrate that they have been materially prejudiced by the assertion of the claim. We conclude that the laches defense cannot apply to bar appellant's claim since appellees failed to establish each of the elements of the defense. It is our determination that the trial court abused its discretion in applying the doctrine of laches to the present matter.
Appellant's assignment of error is well-taken. The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
 ______________________________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, J., GRENDELL, J., concur.