[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 376.]

THE STATE EX REL. MARTIN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Martin v. Indus. Comm*., 2002-Ohio-893.]

*Workers' compensation—Industrial Commission's order denying temporary total*
*disability compensation not an abuse of discretion when supported by*
*"some evidence."*

(No. 99-410—Submitted February 6, 2002—Decided March 6, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD12-1709.

_____

*Per Curiam.*

{¶ 1} Appellant-claimant, Harry R. Martin, industrially injured his lower back in 1986. After his workers' compensation claim was allowed, he received temporary total disability compensation ("TTC") intermittently. In early 1992, then attending physician Dr. Donald J. Tamulonis, Jr., indicated that claimant had reached maximum medical improvement and would never return to his former job. He did approve light duty work, which appellee-employer Ohio Edison Company provided. Claimant continued in that capacity until laid off for economic reasons in July 1994.

{¶ 2} In October 1996, claimant sought to reinstate TTC from the date of his layoff forward. In support, claimant submitted a May 8, 1996 C-84 physician's report supplemental prepared by Dennis Orr. All agree that the C-84 had been tampered with, with the original date of October 14, 1996, whited out and changed to May 8, 1996. Claimant does not dispute that Orr's medical license was suspended on May 8, 1996.

{¶ 3} Claimant also submitted the November 25, 1996 C-84 of Dr. Robert E. Hendricks. It listed the date of examination as November 19, 1996, and certified

claimant as temporarily and totally disabled since May 24, 1996. Those portions of the C-84 asking for a description of claimant's former position of employment and its duties were left blank.

{¶ 4} A district hearing officer ("DHO") for appellee Industrial Commission of Ohio denied claimant's motion:

"[T]emporary total compensation is denied from 10/18/94 to 5/8/96 for the reason that there is a lack of any credible medical evidence to substantiate this period of disability. The Hearing Officer finds that the sole piece of evidence in support of this period of disability is the C-84 report allegedly completed by Dennis P. Orr who is no longer practicing medicine. The Hearing Officer finds that the date of the C-84 has been altered by a person other than Mr. Orr. A careful examination of the C-84 demonstrates that the report was originally dated 10/14/96. On this date, Mr. Orr was not legally able to practice medicine. The date was obliterated and the new date of 5/8/96 was written in by another person whose initials differ from Mr. Orr's. No explanation for the alteration was forthcoming. The employer's representative testified that she personally contacted the Ohio State Medical Board which informed her that Mr. Orr's medical license was suspended as of 5/8/96. No other evidence of disability such as medical reports or office notes was submitted as to this period of disability.

"Temporary total compensation is also denied from 5/9/96 to 5/23/96 as there is no medical evidence whatsoever to support this period of disability.

"Lastly, temporary total compensation from 5/24/96 to 12/11/96 is denied for the reason that the claimant has failed to establish, by a preponderance of the evidence, that this period of disability is attributable to the allowed conditions in this claim. The only evidence in support of this period is the C-84 report of Dr. Hendricks. No office notes were available to review. Dr. Hendricks did not prepare a narrative report. The Hearing Officer finds that the mere submission of a C-84

report does not unequivocally entitle the claimant to temporary total disability benefits.

"Prior to the requested period of temporary total disability, there is a lapse of almost three years in the claim file of any indication of activity in this claim. Further, even if one were to accept that the claimant was temporarily and totally disabled from 10/18/94 to 5/8/96 subsequent to this three year lapse of evidence of treatment, the C-84 from Dr. Hendricks is still not probative evidence of disability from 5/24/96 to [12]/11/96. The Hearing Officer notes that the claimant has presented no explanation for the gap in temporary total disability from 5/9/96 to 5/23/96. Finally, the claimant did not request that Dr. Hendrick[s] be recognized as the physician of record until more than 5 months subsequent to the beginning date of this period of disability. As noted previously, the claimant has not presented the office notes of Dr. Hendricks or even a narrative report to clarify this situation.

"For these reasons, the Hearing Officer finds that the 11/25/96 C-84 report is not probative evidence as to the issue of temporary total disability from 5/24/96 through 12/11/96.

"This order is based upon newspaper articles from *The Vindicator*, the self-insured employer's representative's testimony as to her personal knowledge of revocation of Mr. Orr's medical license and a review of the C-84's in the file. All evidence as to this issue was reviewed and considered."

{¶ 5} The commission ultimately affirmed that order, writing:

"In addition to the findings made by the District Hearing Officer, the Industrial Commission finds that the claimant's request for temporary total disability compensation coincides with the date of his layoff from employment with this employer. On 7/22/94 the claimant was laid off due to economic reasons after working in a light duty capacity for two years. The claimant has not been employed since that date.

"Additionally, the Industrial Commission finds that the evidence on file fails to establish any new and changed circumstances that the claimant's period of disability is directly related to the allowed conditions in the claim. Furthermore, the Industrial Commission concurs with the findings of the District Hearing Officer that the evidence submitted to support temporary total compensation from 07/24/94 to 05/07/96 is not credible due to the altering of the C-84 and the suspension of Dr. Orr's license to practice medicine.

"The claimant has failed to submit any medical evidence to support the period from 05/08/96 to 05/23/96. As to the period from 05/24/96 to 02/27/97, the Industrial Commission agrees with the hearing officer's assessment of the report of Dr. Hendricks. The Industrial Commission finds that the report is incomplete and cannot be a basis for the payment of compensation.

"Accordingly, the Industrial Commission orders that claimant's motion filed on 10/18/96 be denied. Pursuant to Revised Code Section 4123.52, the Industrial Commission only has jurisdiction to consider compensation from 10/18/94, two years prior to the filing of the motion. As the Industrial Commission finds that temporary total disability compensation is not payable from 10/18/94 to 02/27/97, it is further ordered that any such compensation paid for this period is overpaid and is to be recouped according to the provisions of Revised Code Section 4123.511(J)."

{¶ 6} Further consideration was denied.

{¶ 7} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying TTC. The court of appeals disagreed and denied the writ, prompting an appeal to this court as of right.

{¶ 8} At issue is the commission's denial of TTC from October 18, 1994 through December 11, 1996 and the recoupment directive that accompanied it. Claimant contests the finding that no credible evidence supported his request, as

well as the conclusion that R.C. 4123.511(J) controlled recovery of any compensation paid over that period for which claimant was subsequently determined ineligible. Upon review, we hold that the commission did not abuse its discretion and, accordingly, affirm the judgment of the court of appeals.

{¶ 9} Claimant does not dispute the lack of any medical evidence supporting TTC from May 8, 1996 through May 23, 1996. For the preceding period, the commission found Dennis Orr's report deficient for three reasons: (1) the C-84 had been altered, (2) the C-84 had not established new and changed circumstances to support renewed TTC, and (3) Dennis Orr's medical license had been suspended at the time the C-84 was completed. Claimant focuses primarily on the third reason and, although explicitly refusing to dispute the truth of the finding, alleges that irregularities in the presentation of respondent's evidence of the suspension mandates that the report still be considered "some evidence" of temporary total disability. We disagree, since other bases for disqualification exist, as enumerated above under reasons one and two. Accordingly, we find that the commission did not abuse its discretion in denying TTC from October 18, 1994 through May 8, 1996.

{¶ 10} We reach the same result for the period from May 24, 1996 through December 11, 1996. The commission, in adopting the DHO's findings, found several deficiencies in Dr. Hendricks's certification of temporary total disability. Dr. Hendricks certified claimant as temporarily and totally disabled as of May 24, 1996, yet there is no evidence that Hendricks even examined claimant until months later. Dr. Hendricks, moreover, evinced no knowledge of claimant's former position of employment or the duties claimant was allegedly unable to do. Lacking any office notes or narrative to help explain these omissions, it was within the commission's evidentiary prerogative to reject the report as lacking credibility and probative value. We thus find no abuse of discretion.

**{¶ 11}** Finally, claimant challenges the determination that R.C. 4123.511(J) controls overpaid compensation. We find this objection meritless on authority of *State ex rel. Roadway Express, Inc. v. Indus. Comm*. (1998), 82 Ohio St.3d 510, 696 N.E.2d 1064. The period of overpayment started on October 18, 1994, nearly a year after the effective date of R.C. 4123.511(J). Therefore, the commission's order that recoupment may proceed under that statute is not an unconditionally retroactive application.

**{¶ 12}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., not participating.

_____

*Law Office of Thomas Tootle* and *Thomas Tootle*, for appellant.

*Roetzel & Andress* and *Doug S. Musick*, for appellee Ohio Edison.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee Industrial Commission.

_____