Zimmerman, J.
 

 This action in mandamus, originat- ' ing in this court, was brought by Ruth Hughes Tarpy against the Board of Education of Washington Court House, Ohio, the individual members of such board and the superintendent of schools of that municipality. 'The matter is submitted upon the petition, joint answer, reply and several depositions.
 

 For her cause of action relatrix alleges that she is the holder of an Ohio provisional teaching certificate, . and in August 1946 entered into a limited one-year ■ teaching contract with the respondent board of education; that she assumed her duties and taught until ■ the close of the school year in May 1947; that near the • end of the 1947 school year the superintendent asked ".her to sign a paper which he stated was a notice of her
 
 *82
 
 intention to sign a teaching contract for the following year; that she informed the superintendent she was not prepared to sign; that thereafter she was unsuccessful in obtaining the paper; that in July 1947, through her attorneys, she wrote respondents inquiring as to her status in the school system of Washington Court House and was informed that her position had been declared open; that later she was advised of the intention of the board to consider the termination of her contract and to give her a hearing upon charges to be presented; and that still later she was advised she would not be given a hearing.
 

 After allegations of her willingness and availability to teach at Washington Court House and the assertion that she had been wrongfully prevented from teaching there by the respondents, relatrix in the prayer of her petition asks for a writ “ordering the respondents to reinstate her to her position as a teacher in the Washington Court House school system and restore to her the emoluments thereof and for such other orders that in the premises may be just.”
 

 The joint answer of the respondents, after some formal admissions and a general denial, avers that in March 1947 relatrix, with other teachers,-, was asked by the superintendent if she desired to teach the following year; that relatrix informed the superintendent in writing that her willingness to teach would depend upon the amount of salary offered; that on May 21,. 1947, the superintendent presented relatrix with a limited teaching contract for the following school year,, stipulating the same salary she had received the previous year, and imparted the additional information that such salary would be supplemented by an amount to be specified about July 1, 1947; that relatrix refused to sign the contract and advised a number of persons, that she did not expect to return as a teacher to Wash
 
 *83
 
 ington Court House the following year because of insufficient salary; that on August 8, 1947, the board informed relatrix of its intention to terminate her contract and that a date for the hearing of charges against her would be set; that afterwards relatrix applied for a teaching position in the Sunbury Local School District, Delaware county, Ohio, for the school year 1947-1948, was accepted there as a teacher and entered upon her duties under such contract; and that upon learning these facts the respondents abandoned the plan for the filing and hearing of charges against relatrix.
 

 Upon the averments outlined the respondents pray for a dismissal of the action against them.
 

 In her reply, relatrix admitted one allegation of the joint answer and denied generally the others.
 

 The evidence in the depositions filed by the opposing parties is conflicting in a number of material respects. There is a flat dispute as to the attitude and actions of relatrix with respect to entering into a contract to teach in the Washington Court House school system for the school year 1947-1948. Her version of what occurred with respect to the matter is contradicted in essentia] details by the respondent superintendent. Relatrix deposed that she was never tendered a contract and was given no opportunity to read one. The respondent superintendent deposed that she was tendered a contract at an annual salary of $1,850, with ample opportunity to consider it, and that she refused to sign; and that he told relatrix she would have to sign, to enable the school authorities to know on what teachers they might depend for the following year, or lose her position, and that she replied, “That is all right with me.” Although relatrix admitted she had taught in the Sunbury Local School District for the school year 1947-1948, she insisted it was on a day to day basis because of her hope and desire to return to
 
 *84
 
 Waslrington Court House as a teacher. Such testimony was partially supported by the superintendent of schools of Sunbury in his deposition.
 

 The undisputed evidence is as follows:
 

 1. In a typewritten or mimeographed questionnaire submitted to relatrix about March 1947 by the respondent superintendent, she expressed the wish “to continue to teach in this school system next year.” Opposite and under a line reading “Remarks or Suggestions,” relatrix wrote “Depending upon the salary and consideration for extra work, such as magazine drive and Jr.-Y-Teens. Why doesn’t our schedule include these items?”
 

 2. Relatrix signed no contract.
 

 3. In the summer of 1947, while attending Ohio State University as a graduate student, relatrix made written application for a teaching position, which she filed with the teachers placement bureau of the university.
 

 4. In the minutes of a special meeting of the Board of Education of the Sunbury Local School District held August 29, 1947, the following notation appears:
 

 “Ruth Virginia Tarpy appeared in person and made application for the position of teacher in the social subjects and physical education for the school year of 1947-1948. Meredith made motion to hire Ruth Virginia Tarpy to teach for the school year 1947-1948 at a salary of $2,500. Motion seconded by Buell. Voter Day, yes; Meredith, yes; Buell, yes * * *. Ruth Virginia Tarpy verbally accepted the position.”
 

 5. Relatrix taught in the Sunbury Local School District for the whole of the school year 1947-1948.
 

 What should this court do in the' situation presented ?'
 

 If the evidence of relatrix is accepted as true, she is probably entitled to some form of redress. If, on the other hand, this court accepts the evidence submitted by respondents, it will be obliged to conclude
 
 *85
 
 that relatrix was dissatisfied with the terms offered, her for teaching in the Washington Court House school system, decided not to remain there as a teacher and: by her subsequent conduct abandoned and waived any claims she might otherwise have had.
 

 The principles are well settled by numerous decisions of this court that mandamus is an extraordinary legal remedy; that its function is to command the-performance of an act which the law specially enjoins-as a duty resulting from an office, trust or station; and. that before it may properly issue the relator’s right to the relief asked for must be clear.
 

 Upon the record before us, containing conflicting: and irreconcilable evidence, this court is of the opinion that relatrix has not sustained the burden of showing a
 
 dear legal right
 
 to the relief sought and consequently the writ should be and hereby is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Stewart, Turner. and Taet, JJ., concur.