Zimmerman, J.
From the pleadings and exhibits it appears that on August 24,1953, relator passed a resolution declaring the necessity of a bond issue in the amount of $600,000 to erect and equip a school building on an existing site in Evendale, the necessity of submitting the bond issue to the electors of the school district at the next regular election, and the necessity of *539 a tax levy for such project outside the constitutional ten-mill limitation. Such resolution was certified by the relator to the auditor of Hamilton county at least 60 days prior to the date set for such election, namely, November 3,1953, additional steps required by statute were taken and on September 12, 1953, relator passed a resolution determining to proceed with the election on the bond issue.
Then, on October 29, 1953, under the provisions of Section 3311.26, Revised Code, the County Board of Education of Hamilton County passed a resolution abolishing the Crescentville, Evendale, Glendale, Runyan, Sharonville, Springdale, Stewart and Woodlawn local school districts and their boards of education and creating from such old districts a new district with the proper apportionment of funds and indebtedness as prescribed by the statute.
Thereafter, on October 31, 1953, eight taxpayers from the eight local school districts mentioned in the preceding paragraph instituted an action in the Court of Common Pleas of Hamilton County against the county board of education and others to restrain it temporarily from proceeding to execute its resolution of abolishment passed on October 29, 1953. On the same date a restraining order as prayed for against the county board of education was issued by the Court of Common Pleas.
On November 3, 1953, the electors of the Evendale Local School District voted favorably on the proposed bond issue for a new school building in the amount of $600,000 by more than the required majority. At the same election the three members of the Board of Education of the Evendale Local School District, who had been functioning in such capacity, were re-elected and upon qualification began their new terms of office on January 4,1954.
It appears also that a written remonstrance, as *540 sanctioned by Section 3311.26, Revised Code, against the resolution of abolishment passed by the Hamilton County Board of Education on October 29, 1953, was filed with such board.’ However, the timeliness and efficacy of such remonstrance are an issue still before the Court of Common Pleas of Hamilton County in the taxpayers’ injunction action.
On November 5,1953, in response to a motion of the Hamilton County Board of Education in the taxpayers’ action, the Court of Common Pleas modified its temporary restraining order issued on October 31, 1953. Under the modified order, agreed to by counsel, the county board, pursuant to its October 29th resolution, was authorized to file a map of the purported newly created district, name the members of the new purported board of education and take other steps authorized by statute, but without carrying “into effectiveness the said resolution of October 29, 1953, during the pendency of this case.”
Under the modified order, “the continued control and management of the schools, school property and school affairs” of the abolished local school districts were left to the respective boards of education thereof.
On the state of the record as outlined, should this court issue the writ of mandamus as prayed for over the resistance of the respondent and the objections of the Hamilton County Board of Education contained in the brief which it has filed and which contains reasons as to why the writ should be denied?
It is elementary that mandamus is an extraordinary legal remedy and that the issuance of a writ depends on a showing of a clear legal right thereto. Or, as this court said in the syllabus in the case of State, ex rel. Tarpy, v. Board of Education of Washington Court House, 151 Ohio St., 81, 84 N. E. (2d), 276, “in pursuing the extraordinary legal remedy of mandamus, a relator must, show a clear legal right to the relief *541 sought as a condition precedent to the issuance of a writ, and where upon all the evidence presented such right is not established or appears doubtful, the writ will be denied.”
As has been pointed out, on October 29,1953, in conformity with the express authorization embodied in Section 3311.26, Revised Code, the Hamilton County Board of Education, by appropriate resolution, created a new local school district out of several old local districts in the county, including the Evendale Local School District. This occurred after relator had passed its resolution declaring the necessity of a $600,000 bond issue to build and furnish a new school building, after the certification of the resolution to the auditor of Hamilton county and after the passage of a resolution determining to proceed with the election on the school bond issue, but prior to the election itself.
If the October 29th resolution of the county board of education is valid and effective, the Evendale Local School District and its board of education went out of existence as of such date and lacked the capacity and authority to proceed affirmatively with any activities affecting such district.
The validity of the October 29th resolution of the county board of education immediately became the subject of litigation in the Court of Common Pleas of Hamilton County and is now a pending issue in such court. If, on a complete hearing, a final judgment should be entered favorable to the Hamilton County Board of Education, the $600,000 bond issue, as voted by the electors of the Evendale Local School District, would be of no avail and the incurring of obligations and the issuance of bonds by the former board of education of such district would be an unauthorized and unlawful procedure.
In support of its position herein, the relator cites and relies on the case of State, ex rel. Maxwell, Pros. *542 Atty., v. Schneider, 103 Ohio St., 492, 134 N. E., 443. However, that case is authority only for the proposition that the duties and authority of the members of a board of education of a former local school district absorbed by the creation of a new district are ipso facto terminated when the members of the board of education of the new district take over. It does not go so far as to sanction the right and power of the board members of an old local district, after it has been abolished by a county board of education, to proceed with the execution of an ambitious building program formulated and adopted prior to the date of abolishment, even though by reason of the intervention of an action in injunction, the resolution of abolishment is challenged and the board members of the new district have not been appointed and qualified.
Because of the confusion and uncertainty which now prevail with respect to the efficacy and enforcement of the resolution adopted by the Hamilton County Board of Education on October 29, 1953, and as to the status and rights of the Board of Education of the Evendale Local School District after the passage of such resolution, a majority of the members of this court are of the opinion that the issuance of a writ of mandamus at this time would be premature and of at least doubtful propriety. See State, ex rel. Apple, v. Pence et al., Board of Education of Shelby County School District, 137 Ohio St., 569, 31 N. E. (2d), 841, and State, ex rel. Mettler, Pros. Atty., v. Stratton et al., Commrs. of Athens County, 139 Ohio St., 86, 38 N. E. (2d), 393.
The demurrer to the answer is therefore overruled and the writ denied.

Writ denied.

Weygandt, C. J., Middleton and Taft, JJ., concur.