THE STATE, EX REL. MARTIN, *v.*
CONNOR, ADMR., BUREAU OF WORKERS' COMPENSATION.

[Cite as State, ex rel. Martin, *v.* Connor (1984), 9 Ohio St. 3d 213.]

(No. 82-1817—Decided February 22, 1984.)

*Clayman & Jaffy Co., L.P.A., Mr. Stewart R. Jaffy* and *Mr. Henry A. Arnett,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Gerald H. Waterman,* for respondent.

*Per Curiam.* The question presented in this cause is whether a retroactive increase in DSS payments gives rise to a recoupable overpayment of DWRF benefits. This court has found that the recoupability of payments made under a mistake of fact depends on the circumstances.

In *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, this court did not require the refund of payments made under the good faith but mistaken belief that a woman was a deceased claimant's widow. Upon discovery of the claimant's lawful wife (from whom he had never been divorced) the payments were terminated, but the amounts already paid were not recouped.

In contrast, this court ruled in *State, ex rel. Weimer,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 159 [16 O.O.3d 174], that excessive payments made due to a clerical error were recoupable. The distinction lies in the determination of the recipient's entitlement. In *Dell,* all parties believed the wrong woman was entitled to the widow's benefits *at the time the payments were made.* By contrast, in *Weimer* the bureau never believed the claimant was entitled to the amount she received, and, in all likelihood, neither did the claimant. In the instant case, as in *Dell,* all parties believed relator was entitled to the DWRF payments *at the time they were made.*

R.C. 4123.52 gives respondent broad authority to review and modify past findings and orders. This court stated at page 395 in *Dell, supra:* "It is well understood that the primary purpose of a continuing jurisdiction is to give a board or tribunal the power to modify or change a judgment or order to meet changed conditions, or to do justice in the light of newly discovered evidence, or to correct an order which was made as the result of fraud or imposition, or an order which would not have been made if certain facts later discovered had then been known to exist. * * *" Having so stated, however, this court did not require that payments made under a mistake of fact be repaid.

No mistake was made with regard to relator's right and respondent's duty *at the time the DWRF payments in question were made.* While respondent has the authority to recoup overpayments, that authority is not unlimited. This court has reasoned that such authority does not extend to payments made and accepted in the good faith belief that they were due. Respondent is without authority to recover the payments made to relator. His attempts to do so constitute an abuse of discretion.

Mandamus will lie where the Industrial Commission has abused its discretion. *State, ex rel. Anderson,* v. *State* (1979), 60 Ohio St. 2d 106 [14 O.O.3d 339]. Pursuant to R.C. 4121.121(I) that same standard applies to the respondent. Accordingly, the writ prayed for is allowed.

*Writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. The majority opinion here represents yet another unfortunate and unwarranted onslaught upon the State Insurance Fund of Ohio. There is no dispute that the relator, Donald Martin, has in fact been paid $8,907.75 more than allowed under Ohio law. The only issue is whether the Administrator of the Bureau of Workers' Compensation may recoup this amount on behalf of the state of Ohio.

This court has affirmatively answered a similar issue in the case of *State, ex rel. Weimer,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 159 [16 O.O.3d 174], wherein the claimant was erroneously over-compensated due to a clerical mistake. We determined that recovery could be effectuated by the Industrial Commission because of the continuing jurisdiction vested in the commission by virtue of R.C. 4123.52. This statute provides in pertinent part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as in its opinion is justified."

In *Weimer,* this court specifically defined the role and duty of the commission in an instance of overpayment to a claimant out of the State Insurance Fund. In so doing, we quoted the following language from *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, 396-397:

"* * * The commission should be held to have inherent power to prevent the misappropriation or the misapplication of the insurance fund to claimants who are afterwards found not to be entitled thereto. The state insurance fund is in the nature of a trust fund and it is the duty of the commission to impartially distribute the same among persons entitled thereto and not permit the fund to be depleted or become the object of fraud or imposition, and it being clearly their moral and legal duty to correct any mistake or fraud or imposition which will result in a misapplication or misappropriation of any part of the fund the law should not be so construed, even in case of ambiguity, neither should the legislature be held to have intended to enact any provisions which would in any manner hamper or interfere with the members of the commission in their efforts to properly protect the fund."

In light of the duty mandated upon the commission by this court to protect the State Insurance Fund, not to permit depletion of the fund, and "to correct any mistake or fraud or imposition which will result in a misapplication or misappropriation of any part of the fund," it is extremely difficult for me to understand this court's conclusion herein that it was an abuse of discretion for the commission to have done what the law requires it to do.

Historically, a writ of mandamus has only been granted when it has been conclusively established that relator has a clear legal right to such writ. See

*State, ex rel. Tarpy,* v. *Bd. of Edn.* (1949), 151 Ohio St. 81 [38 O.O. 531]; *State, ex rel. Bd. of Edn.,* v. *Griffin* (1954), 161 Ohio St. 537 [53 O.O. 401]; *State, ex rel. Long,* v. *Bettman* (1970), 24 Ohio St. 2d 16 [53 O.O.2d 9]; *State, ex rel. National City Bank,* v. *Bd. of Edn.* (1977), 52 Ohio St. 2d 81 [6 O.O.3d 288]; *Bd. of Edn.* v. *State Dept. of Edn.* (1981), 67 Ohio St. 2d 126 [21 O.O.3d 79]. In the present case, there has been no showing by the relator of a clear legal right to the issuance of this writ of mandamus. Rather than abusing its broad discretion as granted by the General Assembly, the Industrial Commission has been performing its lawful duties and responsibilities to protect the State Insurance Fund in its attempt to recapture the overpaid amount.

Accordingly, I would deny the writ of mandamus.