THE STATE, EX REL. DELONG, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. DeLong, *v.* Indus. Comm. (1988), 40 Ohio St. 3d 345.]

(No. 87-1011—Submitted September 28, 1988—Decided December 30, 1988.)

*Chester T. Freeman Co., L.P.A.,* and *William R. Polhamus,* for appellee.

*Bricker & Eckler* and *Charles D. Smith,* for appellant Amcast Industrial Corporation.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Jeffery W. Clark,* for appellant Industrial Commission.

*Per Curiam.* Two issues are before this court: (1) whether the payment of temporary total disability compensation from January 12, 1982 through August 17, 1982 was a mistake of fact under circumstances precluding recoupment from appellee claimant, and (2) if entitled to recoupment, whether appellant should have properly sought relief from the State Surplus Fund instead of from the appellee. We answer both questions in the negative.

As to the first issue, recoupability of payments made under a mistake of fact depends on the circumstances.

*Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, 135 N.E. 669; *State, ex rel. Martin,* v. *Connor* (1984), 9 Ohio St. 3d 213, 9 OBR 523, 459 N.E. 2d 889; and *State, ex rel. Weimer,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 159, 16 O.O. 3d 174, 404 N.E. 2d 149. In stating the rule, *Martin* defined the key consideration as the "determination of the recipient's entitlement" (*id.* at 214, 9 OBR at 524, 459 N.E. 2d at 890) *at the time payments were made.* At the time the claimant received compensation in *Martin,* both he and the Bureau of Workers' Compensation believed he was entitled to them. So, too, was this the situation in *Dell.* In both *Martin* and *Dell* a unanimous belief of *entitlement* at the time of payment was changed by subsequently discovered facts—notification of a retroactive social security benefit entitlement in *Martin* and the newly discovered existence of a previously unknown spouse in *Dell.*

In contrast, *Weimer* involved overpayment precipitated solely by clerical error. In permitting recovery, we held that "[a]lthough the question presented here is *sui generis,* the mistake in this case was indisputably a clerical error." *Id.* at 160, 16 O.O. 3d at 174, 404 N.E. 2d at 151. *Weimer* was distinguished by the *Martin* court which, in contrasting the uniform belief of entitlement in *Martin* and *Dell,* stated that "* * * in *Weimer* the bureau never believed the claimant was entitled to the amount she received, and in all likelihood, neither did the claimant." *Martin, supra,* at 214, 9 OBR at 524, 459 N.E. 2d at 890.

The present case, unlike *Dell* and *Martin,* involved no subsequent factual discovery or occurrence which eliminated a once legitimate right to compensation. The present appellee, in all likelihood, never had a good faith belief of entitlement since the employer's appeal was filed *prior* to the disbursement of funds. We therefore find *Weimer* to be controlling.

This case also raises the issue of whether appellant should seek relief from the appellee or the State Surplus Fund. In granting mandamus relief, the court of appeals determined that appellant should properly have sought reimbursement from the State Surplus Fund pursuant to Ohio Adm. Code 4121-3-18(16) and (17) (erroneously cited by the court as 4121-7-30-[16] and [17]). We disagree.

Ohio Adm. Code 4121-3-18(16) and (17) parallel R.C. 4123.515, which states in part:

"* * * [I]f the decision of the district hearing officer is appealed by the employer or the administrator, the bureau shall withhold compensation and benefits during the course of the appeal to the regional board of review, but where the regional board rules in favor of the claimant, compensation and benefits shall be paid by the bureau or by the self-insuring employer whether or not further appeal is taken. *If the claim is subsequently denied,* payments shall be charged to the surplus fund created under division (B) of section 4123.34 of the Revised Code, and if the employer is a state risk such amount shall not be charged to the employer's experience and if the employer is a self-insurer such amount shall be paid to the self-insurer from said surplus fund." (Emphasis added.)

The appellate court's reasoning is flawed in two respects. First, the Ohio Administrative Code sections cited and R.C. 4123.515 are limited to funds properly paid prior to a claim's eventual denial, not to compensation paid in error. Second, the appellate court's conclusion is valid only if R.C. 4123.515 is interpreted as requiring self-insured employers to pay compensation pursuant to a district hearing of-

ficer's order during the pendency of an appeal to a regional board of review. This interpretation is incorrect. A proper reading indicates that funds are not recoupable until paid pursuant to a regional board order. A claim's denial triggering the right to reimbursement can occur only after appeal to a regional board of review.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., LOCHER, HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and H. BROWN, JJ., dissent.

H. BROWN, J., dissenting. The majority appears to characterize the employer's payment of the disability compensation to the employee from January 12, 1982 through August 17, 1982 as a clerical mistake entitling the employer to a setoff. The facts, however, mandate the conclusion that the error is a mistake of law which precludes recoupment from the employee. Therefore, I dissent.

The relevant facts are: (1) the district hearing officer ordered the employer to pay temporary total compensation, (2) the employer made the payments, and (3) no clerical error was shown. The employer failed to produce evidence showing that it did not intend to pay the employee the money. It follows that the employer made the payments because it felt obligated to do so. If a mistake was made, it concerned the *obligation to pay* and, therefore, was a mistake of law.

The majority opinion fails to state what the mistake was that prompted the employer to make the disputed payments. How, one wonders, can the majority resolve the effect of a mistake without first identifying it?

Recovery is not available from the claimant when the claimant has been paid by reason of a mistake of law. See *State, ex rel. Martin,* v. *Connor* (1984), 9 Ohio St. 3d 213, 9 OBR 523, 459 N.E. 2d 889; *State, ex rel. Westvaco Corp.,* v. *Indus. Comm.* (May 31, 1983), Franklin App. No. 82AP-784, unreported; see, also, *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, 135 N.E. 669.

Even if the payment by the employer could be characterized as a mistake of fact, the majority's attempt to impute knowledge of the error to the employee takes us to the fringe of absurdity. The cornerstone of the majority's decision is this: "The present appellee, *in all likelihood,* never had a good faith belief of entitlement since the employer's appeal was filed *prior* to the disbursement of funds. We therefore find *Weimer* to be controlling." (Emphasis added in part.) The case should be resolved on the record, not upon unsupported "in all likelihoods."

In the case before us, the employer believed that it owed the money. Otherwise it would not have made the payments. No evidence supports the notion that the employee knew, at the time payments were received, that he was not entitled to them. Indeed, the district hearing officer had held in his favor. If the employer, a self-insurer who deals with industrial claims on a regular basis, thought itself obligated to pay, how can the employee be held, without evidence, to a greater knowledge? The authority to recoup overpayments does not extend to payments made and accepted in a good faith belief that they were due. *State, ex rel. Martin, supra,* at 214, 9 OBR at 525, 459 N.E. 2d at 891.

The majority, in reversing a unanimous decision by the court of appeals, has ignored the facts and the law.

SWEENEY and DOUGLAS, JJ., concur in the foregoing dissenting opinion.