IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
Relator, Irene M. Farwick, has filed this original action in mandamus requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its October 1997 order and to reinstate the order of the staff hearing officer. Respondent-employer, Hoover, has filed a cross-claim requesting a writ of mandamus against respondents commission and the Administrator, Bureau of Workers' Compensation ("bureau") ordering that Hoover be reimbursed from the state surplus fund for all amounts Hoover overpaid relator.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. The magistrate decided that, as to relator's action in mandamus, a writ of mandamus should be granted returning the matter to the commission to vacate its order finding R.C. 4123.511(J) applicable and to issue a new order based on the law in effect at the time relator's rescinded permanent total disability ("PTD") benefits were granted and paid. The magistrate determined that the issues in Hoover's cross-claim were moot.
Respondent Hoover and respondents bureau and commission have filed objections to the magistrate's decision.
Relator applied for permanent total disability compensation in 1988. In June 1992, the commission awarded relator PTD. Hoover, a self-insured employer, began making payments pursuant to the commission's order, but also filed a mandamus action challenging the award. This court granted a writ of mandamus vacating the commission's June 1992 order and requiring further consideration; the Ohio Supreme Court affirmed.
On remand, after a December 5, 1995 hearing, the commission issued an order that again granted PTD; however, this award had a later starting date and a different apportionment than the June 1992 award. As a result of the changes in the PTD award, Hoover determined that it had overpaid relator and, pursuant to R.C. 4123.511 (J), began recouping the overpayment from its current payments.
Relator filed a motion challenging Hoover's recoupment deductions from her PTD payments. A district hearing officer ("DHO") granted relator's motion. Hoover appealed the DHO's order and filed a request with the bureau for reimbursement from the surplus fund. In August 1997, a staff hearing officer affirmed the district hearing officer. In an order dated October 15, 1997, the commission granted Hoover's appeal; found that, under the June 1992 order, Hoover had overpaid relator in the amount of $29,791.63; and ordered that Hoover recoup its overpayment in a manner consistent with the provisions of R.C. 4123.511(J).
In July 1997, the self-insured department of the bureau dismissed Hoover's reimbursement request. A review panel affirmed the denial, finding that Hoover's right to reimbursement did not arise until December 1995 and was, therefore, pending as of October 20, 1993, the effective date of R.C. 4123.511(J). On April 20, 1998, a designee of the bureau's administrator affirmed the review panel.
Relator filed the present action in mandamus. Hoover filed its cross-claim, and the bureau and commission filed a motion to dismiss the cross-claim.
In her decision, the magistrate determined that the applicability of R.C. 4123.511(J) depends on the date of the commission's order granting benefits that are later rescinded. The magistrate looked to the statute in effect in June 1992, when the commission granted the PTD compensation that was later rescinded. Since R.C. 4123.511(J) was not in effect in June 1992, the magistrate determined that its application was erroneous and the commission abused its discretion when it applied R.C. 4123.511(J). Because the commission had not addressed whether the overpayment was recoupable under the law in effect prior to October 20, 1993, the magistrate found that it would be premature to address the issue. The magistrate granted a writ returning the matter to the commission to vacate its order finding R.C. 4123.511(J) applicable and to issue a new order based on the law in effect at the time.
Respondent Hoover objects to the magistrate's finding that the cross-claim was moot and to the magistrate's failure to grant a writ ordering the bureau to reimburse Hoover out of the surplus fund.
Respondents bureau and commission object to the magistrate's decision that the statute in effect when relator was awarded and paid compensation governs the employer's right to recoupment. The bureau and commission also object to the magistrate's failure to grant the motion to dismiss.
Before the enactment of R.C. 4123.511(J), R.C. 4123.515 and 4123.519 governed the manner by which self-insured employers are to be reimbursed amounts they were improperly required to pay. Effective October 20, 1993, Am. Sub. H.B. No. 107 repealed former R.C. 4123.515 and 4123.519 and enacted R.C.4123.511.
The bureau and commission assert that Hoover's right to recoupment did not arise until the commission's December 1995 PTD order created an overpayment. Because the statutes providing for reimbursement from the surplus fund were repealed effective October 20, 1993, the commission and bureau argue that Hoover had no right to reimbursement from the surplus fund and R.C. 4123.511 governs Hoover's mechanism of recoupment.
Former R.C. 4123.515 provides in relevant part:
 " * * * If the claim is subsequently denied, payment shall be charged to the surplus fund * * * and if the employer is a self-insurer such amount shall be paid to the self-insurer from said surplus fund."
Former R.C. 4123.519 provides in relevant part:
 " * * * If a mandamus or other court action results in a final determination that the compensation or benefits in an allowed claim should not have been paid * * * [and if] the employer is a self-insuring employer, the employer is entitled to reimbursement of the amount paid from the surplus fund * * *."
R.C. 4123.511(J) provides in relevant part:
 "Upon the final administrative or judicial determination, if a claimant is found to have received compensation to which the claimant was not entitled * * * [the self-insuring employer] shall withhold from any amount to which the claimant becomes entitled * * * the amount to which claimant was not entitled * * * [.]"
The reference point of the above statutes is the order granting benefits or compensation that is subsequently found improper. Significantly, all three provisions look forward from this reference point.
This court agrees with the magistrate's conclusion that the law in effect on the date of the commission's order granting benefits that are later rescinded governs the issue of recoupment. Hoover overpaid claimant PTD benefits based on a June 1992 order. In June 1992, R.C. 4123.515 and 4123.519 were in effect and govern Hoover's recoupment rights.
Section 7 of Am.Sub.H.B. No. 107 lends further support to this court's conclusion. Section 7 provides that the sections of Am.Sub.H.B. No. 107 that repealed R.C. 4123.515 and 4123.519 and enacted 4123.511 apply to all claims for benefits or compensation "filed on or after, and to all claims pending" on October 20, 1993. This language does not refer to mandamus actions pending or filed in a court but, rather, refers to actions filed or pending with the commission. State ex relEaton v. Indus. Comm. (Mar. 2, 1995), Franklin App. No. 93APD10-1447, unreported (1995 Opinions 775, 779). As of October 20, 1993, relator's claim was not pending before the commission; PTD had been awarded and was being challenged in a mandamus action.
The bureau and commission argue that the magistrate's reliance on Cable v. Indus. Comm. (Oct. 22, 1996), Franklin App. No. 95APD06-737, unreported (Memorandum Decision), is misplaced. Cable is consistent with the magistrate's decision in the present case. In Cable, this court looked at the date of the order granting temporary total disability compensation that was subsequently modified and resulted in an overpayment. Because the commission's order granting compensation was made after October 20, 1993, this court found that R.C. 4123.511(J) applied.
Nor is the determination that R.C. 4123.511(J) does not apply to the present case contrary to State ex rel RoadwayExpress v. Indus. Comm. (1998), 82 Ohio St.3d 510. In Roadway,
the commission argued that because the mandamus action was pending on October 20, 1993, R.C. 4123.511(J) applied. Roadway
turned on a finding that Section 7's language referring to claims pending does not refer to pending mandamus actions and the fact that all of the commission determinations were made before October 20, 1993. However, Roadway does not hold that the date of the final determination is the determinative date for deciding whether R.C. 4123.511(J) applies.
For the above reasons, the bureau and commission's objection regarding the magistrate's determination that R.C. 4123.511(J) does not apply to the present case is overruled.
The bureau and commission and Hoover have filed objections regarding the magistrate's disposition of Hoover's cross-claim. The bureau and commission contend that the cross-claim fails to assert that the bureau and commission have acted contrary to law or abused their discretion, and consequently, fails to establish entitlement to a writ of mandamus and should be dismissed.
A complaint in mandamus states a claim when it alleges the existence of a legal duty and the absence of an adequate remedy at law with sufficient particularity to give respondent reasonable notice of the claim asserted. State ex rel. Hansonv. Guernsey Cty. Bd. Of Commrs. (1992), 65 Ohio St.3d 545, 548. Hoover's cross-claim alleges that, under R.C. 4123.515, Hoover is entitled to reimbursement from the surplus fund. The cross-claim further states that Hoover requested reimbursement from the surplus fund and that the bureau denied Hoover's request and appeals from the denial. Hoover alleges that it has exhausted all administrative remedies and has no adequate remedy at law. These allegations give the bureau and commission reasonable notice of Hoover's claim that they have a clear legal duty to reimburse Hoover from the surplus fund. Therefore, Hoover's cross-claim in mandamus is sufficient, and the objection of the bureau and commission is overruled.
Hoover contends that its cross-claim is not moot and that this court should order the bureau to reimburse Hoover from the surplus fund.
When there is an ultimate finding that an order requiring an employer to pay compensation was improper and, as a result, all or part of the sum in compensation that the employer paid should not have been paid, the employer is entitled to reimbursement from the surplus fund. State ex rel. Peabody CoalCo. v. Indus. Comm. (1989), 44 Ohio St.3d 104, 106; see Stateex rel. Eaton Corp. v. Lancaster (1988), 40 Ohio St.3d 404,416-417 (Douglas, J., concurring).
The commission's October 15, 1997 order found an overpayment and entitlement to recoupment, but denied reimbursement from the surplus fund because it found R.C. 4123.511(J) applied.
Although the bureau and commission argue that Hoover is not entitled to reimbursement under the surplus fund, their supporting argument is not persuasive. Columbus Southern OhioElec. Co. v. Indus. Comm. (1992), 64 Ohio St.3d 119; and Stateex rel. American Seaway Foods, Inc. v. Indus. Comm. (1991),62 Ohio St.3d 50, involve application of R.C. 4123.343(F) — a statutory provision not at issue in the present appeal. Stateex rel. Martin v. Connor (1984), 9 Ohio St.3d 213, involves recoupment from an employee based on a mistake of fact and does not address the recoupment of funds properly paid under an order that is subsequently found improper. Finally, State exrel. DeLong v. Indus. Comm. (1988), 40 Ohio St.3d 345, involves temporary total disability benefits and payments made pursuant to a district hearing officer order. In the present case, Hoover paid permanent disability benefits pursuant to an order of the commission.
This court does not find that the issues in Hoover's cross-claim are moot or premature. Accordingly, Hoover is entitled to reimbursement from the surplus fund.
For the above reasons, Hoover's objections are sustained.
Having independently reviewed the record, this court adopts the magistrate's findings of fact in whole and conclusions of law to the extent the magistrate found R.C. 4123.511(J) inapplicable to the question of Hoover's recoupment of its overpayment to relator. The magistrate's conclusion that Hoover's cross-claim is premature is overruled.
The objections of Hoover are sustained, and the objections of the bureau and commission are overruled.
A writ of mandamus is issued ordering respondent commission to vacate its order finding R.C. 4123.511(J) applicable and to issue an order reimbursing Hoover from the surplus fund for all sums it improperly paid pursuant to the order issued June 1, 1992.
Objections of Hoover sustained; objections of the bureau andcommission overruled; writ of mandamus granted.
TYACK and PETREE, JJ., concur.