THE STATE EX REL. WOOTON, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Wooton v. Indus. Comm.,*
104 Ohio St.3d 186, 2004-Ohio-6505.]

(No. 2004–0180—Submitted October 13, 2004—Decided December 22, 2004.)

_____

**Per Curiam.**

{¶ 1} In 1988, appellant-claimant, Janice S. Wooton, alleged that she had contracted an occupational disease arising out of her employment with Ohio State University ("OSU"). A workers' compensation claim was allowed initially for "bilateral carpal tunnel syndrome; reflex sympathetic dystrophy right hand; elbow lateral epicondylitis." "Depressive disorder" was later added to the claim.

{¶ 2} On October 20, 1993, Am.Sub.H.B. No. 107 became effective. 145 Ohio Laws, Part II, 2990. Among the new provisions was R.C. 4123.511(J). Id. at 3152. That statute contained a graduated withholding scheme by which claimants who had received compensation from an award that was later overturned would repay the overpaid amount by having a percentage of compensation offset from future awards. The previous version of this Revised Code section had no such provision for recovery from the claimant. Instead, now-repealed R.C. 4123.515 and 4123.519 limited the remedial scheme to employer credit or reimbursement from the State Surplus Fund. See 143 Ohio Laws, Part II, 3353 and 3355. Rarely were claimants required to repay the disputed amount.

{¶ 3} In 1999, claimant moved appellee Industrial Commission of Ohio for permanent total disability compensation ("PTD"). A commission staff hearing officer granted claimant's application. OSU filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in awarding PTD. The court of appeals agreed in part, finding that the commission did not adequately explain its decision as required by *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. It issued a

limited writ that returned the cause to the commission for further consideration and amended order. This court affirmed that decision. *State ex rel. Ohio State Univ. v. Indus. Comm.* (2001), 93 Ohio St.3d 496, 756 N.E.2d 664.

{¶ 4} Upon reconsideration, the commission, in a lengthy order, determined that claimant could perform sustained remunerative employment and was not, therefore, entitled to PTD. Claimant did not appeal. Shortly thereafter, the Bureau of Workers' Compensation determined that claimant had been overpaid PTD from April 22, 1998, through December 1, 2001, in the amount of $61,954.60. The bureau specified that the amount was to be repaid by withholding a given amount from future awards consistent with R.C. 4123.511(J).

{¶ 5} Claimant unsuccessfully contested this determination administratively. The Court of Appeals for Franklin County, in mandamus, upheld the commission's order, prompting claimant's appeal to this court as of right.

{¶ 6} Claimant asserts that because her injury predates the effective date of R.C. 4123.511(J), the statute does not control. We, however, have already decided otherwise in *State ex rel. Martin v. Indus. Comm.* (2002), 94 Ohio St.3d 376, 763 N.E.2d 156—a case claimant and amicus overlook. Under *Martin*, the period of overpayment, not the date of injury, controls. Here, claimant's overpayments began in April 1998, four and one-half years after R.C. 4123.511(J) was enacted.

{¶ 7} Contrary to claimant's representation, *State ex rel. DeLong v. Indus. Comm.* (1988), 40 Ohio St.3d 345, 533 N.E.2d 729, and its predecessors, *Indus. Comm. v. Dell* (1922), 104 Ohio St. 389, 135 N.E. 669, *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149, and *State ex rel. Martin v. Connor* (1984), 9 Ohio St.3d 213, 9 OBR 523, 459 N.E.2d 889, are distinguishable from this case. In those cases, compensation was terminated because it was discovered that payment had been initiated or continued as the result of a bona fide mistake. Here, compensation was stopped because the order awarding it was reversed on administrative reconsideration. Consequently, the considerations so critical to the claimant's retention of erroneously paid compensation in *DeLong* and its predecessors do not apply to the case at bar.

{¶ 8} Claimant seeks almost $62,000 in PTD despite being found capable of sustained remunerative employment. We cannot approve such a result. *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 287, 551 N.E.2d 1265.

{¶ 9} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Philip J. Fulton Law Office, Philip J. Fulton, David B. Barnhart and William A. Thorman III, for appellant.

Jim Petro, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, urging reversal for amicus curiae, Ohio Academy of Trial Lawyers.