ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Nancy B. Dzina has filed a complaint for a writ of mandamus and/or prohibition. She seeks an order from this court, through her complaint for mandamus, which essentially requires Judge James P. Celebrezze to comply with the appellate judgment that was rendered by this court in Dzina v. Dzina, Cuyahoga App. No. 83148, 2004-Ohio-4497. In addition, Dzina seeks an order from this court, through her complaint for prohibition, which essentially limits the judicial authority that can be employed by Judge Celebrezze upon remand following the appeal in Dzinav. Dzina, supra. Judge Celebrezze has filed a motion to dismiss which we grant for the following reasons.
 FACTS {¶ 2} On May 14, 2003, Judge Celebrezze rendered a judgment, in Dzinav. Dzina, Cuyahoga County Domestic Relations Case No. 263220, that made numerous findings as to spousal support, the division of marital assets, and a finding of contempt as to both Dzina and her former husband, Daniel Dzina. An appeal was filed by Dzina and on October 13, 2004, this court journalized an entry and opinion which affirmed in part, reversed in part, and remanded the case for further proceedings consistent with the opinion. On November 2, 2004, Daniel Dzina filed a motion to stay the payment of all monies originally ordered by Judge Celebrezze in the judgment entry of May 14, 2003. On January 4, 2005, Judge Celebrezze granted the motion to stay. On December 17, 2004, Daniel Dzina filed a Civ.R. 60(B) motion for relief from judgment based upon the claim that Judge Celebrezze inadvertently used the wrong verbiage in describing the adjustment which required that he vacate the order of May 14, 2003 in order to adjust the wording of the already acquired compensation of $250,000. On January 4, 2005, Judge Celebrezze entered an order which stayed the judgment of May 14, 2003. On March 1, 2005, Dzina filed her complaint for a writ of mandamus and/or prohibition. Based upon Judge Celebrezze's motion to dismiss, and the subsequent briefs in support and opposition, we dismiss Dzina's complaint for a writ of mandamus and/or prohibition.
 COMPLAINT FOR A WRIT OF MANDAMUS {¶ 3} In order for this court to issue a writ of mandamus, Dzina must demonstrate that: (1) Dzina possesses a clear legal right to have Judge Celebrezze perform a specific act; (2) Judge Celebrezze possesses a legal duty to perform the requested specific act; and (3) there exists no plain and adequate remedy in the ordinary course of the law. State ex rel.Bardo v. Lyndhurst (1988), 37 Ohio St.3d 106, 524 N.E.2d 447; State exrel. Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42,399 N.E.2d 81; State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41,374 N.E.2d 641. Additionally, mandamus cannot be used as a substitute for an appeal nor can mandamus be employed in an attempt to gain review of a trial court's interlocutory order. State ex rel. Daggett v. Gessaman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659; State ex rel. Overmeyer v.Walinski (1966), 8 Ohio St.2d 23, 222 N.E.2d 312. Finally, mandamus will not issue to control judicial discretion and cannot be issued if the grounds for relief are doubtful. State ex rel. National City Bank v.Maloney, 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58; Stewart v.Corrigan, 97 Ohio St.3d 80, 2002-Ohio-5316, 776 N.E.2d 103; State exrel. Tarpy v. Board of Ed. of Washington Court House (1949),151 Ohio St. 81, 84 N.E.2d 276.
 {¶ 4} Dzina seeks the following through her complaint for a writ of mandamus: (1) "A Writ of Mandamus issue to compel Respondent Judge James P. Celebrezze to fulfill its (sic) obligation and enter and/or execute judgment in accordance with this Court's remand order in Daniel A. Dzina v. Nancy B. Dzina (October 13, 2004), Cuyahoga App. No. 83148, unreported."; (2)"A Writ of Mandamus issue to compel Respondent Judge James P. Celebrezze to void the Motion to Stay and Order granting said stay as a nullity."; and (3)"A Writ of mandamus issue to compel Respondent Judge James P. Celebrezze to dismiss and/or void the Motion for Relief from Judgment as null and void."
 {¶ 5} On appeal, this court held that the judgment of the trial court was "affirmed in part and reversed in part. Case remanded for furtherproceedings consistent with the findings in the opinion on pages 7, 9, 11, 12, 15, 17, 27, and 28." (Emphasis added.) This court found that eight of the errors raised on appeal were well taken and instructed that Judge Celebrezze, upon remand, conduct further proceedings with the following in mind: (1) Dzina's award to be increased by $153,705 vis-a-vis an improper double deduction; (2) Daniel Dzina ordered to place $153,705 in escrow until the debt of $307,410 was paid to the estate of Rocco Russo; (3) Dzina's award to be increased by $250,000 with regard to her interest in Property 75; (4) Dzina's award to be increased by $65,377 with regard to her interest in Property 152 as the result of improper capital gains tax deduction; (5) Dzina's one-half share of Daniel Dzina's pre-1998 taxes to be placed in escrow until tax liability is finally determined; (6) Valuation of Property 75 to be based upon Board of Tax Revision's valuation; (7) Daniel Dzina to place $40,000 into an escrow account for pending tax liabilities; and (8) Dzina did not hold an "equity interest" pursuant to the terms of the separation agreement.
 {¶ 6} Contrary to Dzina's claim, we find that Judge Celebrezze has not failed to implement the judgment of this court upon remand. Each of the aforesaid findings by this court requires that Judge Celebrezze conduct additional proceedings. In fact, a review of the docket in the underlying divorce action clearly demonstrates that Judge Celebrezze has scheduled additional proceedings per the order of this court. At this point in time, Dzina has not demonstrated that Judge Celebrezze has failed to implement the modifications ordered by this court with regard to the distribution of funds under the separation agreement.
 {¶ 7} Dzina's attempt to employ mandamus to "void the Motion to Stay and Order granting said stay as a nullity" and "dismiss and/or void the Motion for Reform from Judgment as null and void" must also fail. This court, in State ex rel. Soukup v. Judge Celebrezze (Feb. 12, 1998), Cuyahoga App. No. 83000, held that:
"Domestic relations court, moreover, has continuing jurisdiction over divorce cases. Dodge v. Keller (1927), 29 Ohio App. 114, 162 N.E.2d 750. Specifically, Civil Rule 75(I) provides in pertinent part: `The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided the service of process under Civ.R. 4 to 4.6.' The court of appeals inBlake v. Heistan (1994), 99 Ohio App.3d 84, 87, 649 N.E.2d 1304, ruled `that pursuant to Civ.R. 75(I), the continuing jurisdiction of the court may be invoked by the filing of any motion by a party, regardlessof the content or subject matter of the motion.' Mrs. Soukup's second motion to show cause, therefore, properly invoked the respondent's continuing jurisdiction pursuant to Civ.R. 75(I)." (Emphasis added.)
Id., at p. 4.
 {¶ 8} Herein, mandamus does not lie to vacate or nullify the motion to stay, the order granting the motion to stay, or the motion for relief from judgment. Said motions were properly filed in the underlying divorce action pursuant to Civ.R. 75(I). Hansen v. Hansen (1985),21 Ohio App.3d 216, 486 N.E.2d 1252. In addition, Dzina possesses an adequate remedy at law, through a direct appeal, should Judge Celebrezze deviate from the judgment of this court following remand. State ex rel.Casey Outdoor Advertising, Inc. v. Ohio Dept. Transp. (1991),61 Ohio St.3d 429, 575 N.E.2d 181. Thus, we find that Dzina fails to state a claim for a writ of mandamus.
 COMPLAINT FOR WRIT OF PROHIBITION {¶ 9} Dzina, through her request for a writ of prohibition, is attempting "to restrain Respondent Judge James P. Celebrezze from exercising unauthorized judicial power including, but not limited to, holding a hearing scheduled for April 14, 2005, whose sole purpose is to vacate and/or modify this Court's remand order concerning $250,000 wrongfully charged to Defendant Nancy Dzina." Dzina also argues that the issue of the $250,000 was "clearly reversed by this Court — not remanded for further action" and "if the trial court is permitted to exercise unlawful judicial power, it will result in injury to Petitioner for which there exists no adequate remedy at law."
 {¶ 10} In order for this court to issue a writ of prohibition, Dzina must establish that: (1) Judge Celebrezze is about to exercise judicial authority; (2) the exercise of judicial authority by Judge Celebrezze is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160, 540 N.E.2d 239. A writ of prohibition will not be issued by this court unless it clearly appears that Judge Celebrezze possesses no jurisdiction over the divorce action filed in Dzina v.Dzina, Cuyahoga County Domestic Relations Case No. 263220 or Judge Celebrezze is about to exceed his jurisdiction. State ex rel. Ellis v.McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571. In addition, a writ of prohibition will not be issued in order to prevent an erroneous judgment, serve the purpose of an appeal, or correct mistakes of the lower court in deciding questions within its jurisdiction. State ex rel. Sparto v.Juvenile Court of Drake County (1950), 153 Ohio St. 64, 90 N.E.2d 598. Furthermore, a writ of prohibition should only be issued with great caution and cannot be issued in a doubtful case. State ex rel. Merion v.Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 641. Finally, absent a patent and unambiguous lack of jurisdiction, a trial court possessing general jurisdiction of the subject matter has the authority to determine its own jurisdiction and a party challenging the court's jurisdiction possesses an adequate remedy at law through a direct appeal. State ex rel. Rootstown Local SchoolDistrict Board of Education v. Portage County Court of Common Pleas
(1997), 78 Ohio St.3d 489, 678 N.E.2d 1365; State ex rel. Bradford v.Trumbull County Court, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116.
 {¶ 11} Judge Celebrezze is authorized by law to exercise jurisdiction in the pending complaint for divorce as filed in Cuyahoga County Domestic Relations Case No. 263220. See R.C. 3105.03. Additionally, Judge Celebrezze possesses continuing jurisdiction to preside over and conduct a hearing with regard to the Civ.R. 60(B) motion for relief from judgment that remains pending following remand upon appeal. State ex rel. Enyartv. O'Neill (1995), 71 Ohio St.3d 655, 646 N.E.2d 1110; State ex rel.Soukup v. Celebrezze, supra. See, also, State ex rel. TRW, Inc. v. Jaffe
(1992), 78 Ohio App.3d 411, 604 N.E.2d 1376. Finally, Dzina possesses an adequate remedy at law, through a direct appeal to this court, should Judge Celebrezze exceed and/or improperly modify the mandate of this court or commit any additional errors of law. State ex rel. LTV SteelCo. v. Oryshkewych, 65 Ohio St.3d 462, 1992-Ohio-12, 605 N.E.2d 30. Thus, we find that Dzina has failed to state a claim for a writ of prohibition.
 {¶ 12} Accordingly, we grant Judge Celebrezze's motion to dismiss. Costs to Dzina. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint for mandamus and/or prohibition dismissed.
Blackmon, A.J., concurs Rocco, J., concurs.