[Cite as *Dzina v. Dzina*, 2011-Ohio-2668.]

<span style="color:red">[Please see original opinion at 20011-Ohio-1234.]</span>

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 94748

## DANIEL A. DZINA

PLAINTIFF-APPELLEE

vs.

## NANCY B. DZINA

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-263220

**BEFORE:** Rocco, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 2, 2011

## ATTORNEY FOR APPELLANT

Joyce Barrett
800 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

## ATTORNEY FOR APPELLEE

Richard A. Rabb
McCarthy, Lebit, Crystal & Liffman
1800 Midland Building
101 West Prospect Avenue
Cleveland, Ohio 44115

ON RECONSIDERATION[1]

KENNETH A. ROCCO, J.:

{¶ 1} Defendant-appellant, Nancy Dzina, f.k.a., Nancy Saro ("appellant"), appeals the most recent of many orders of the domestic relations court. We find no abuse of discretion in this latest Dzina litigation court order. Accordingly, we affirm the trial court's judgment.

---

[1]The original decision in this appeal, *Dzina v. Dzina*, Cuyahoga App. No. 94748, 2011-Ohio-1234, released March 17, 2011, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. See App.R. 22(c); see, also, S.Ct.Prac.R. 2.2(A)(1).

**{¶ 2}** For over a decade, the Dzinas have engaged in a long and contentious divorce. This case, "*Dzina VII*," the latest chapter in the epic saga of the Ohio judiciary's efforts to disentangle the Dzinas and their several business enterprises, is on the verge of breaking the record for interminable litigation set in *Jarndyce and Jarndyce*. A detailed history outlining this litigation can be found in this court's prior opinions.[2] The facts pertinent to this appeal concern this court's most recent decision pertaining to this divorce. See *Dzina v. Dzina*, Cuyahoga App. Nos. 90936, 90937, 90938, 90939, 90940, 2009-Ohio-136 ("*Dzina VI*").

**{¶ 3}** In *Dzina VI*, regarding the trial court award of $750,000 in attorney fees for the appellant's financial misconduct and breach of the indemnification agreement, we stated " * * * we do not find the amount per se in error, we remand the attorney fees [award] for an itemization detailing how the $750,000 was calculated; if it does contain fees related to the invalid indemnification agreement, those amounts are to be subtracted from the total amount." Id. at ¶35.

**{¶ 4}** We affirmed all other aspects of the trial court's latest order. No appeal was taken from our decision. The only issue to be resolved by the trial court pursuant to our

---

[2]*Cleveland Indus. Square, Inc. v. Dzina*, Cuyahoga App. Nos. 85336, 85337, 85422, 85423, 85441, 2006-Ohio-1095; *Dzina v. Dzina*, Cuyahoga App. No. 83148, 2004-Ohio-4497; *Dzina v. Celebrezze, Judge*, Cuyahoga App. No. 85043, 2005-Ohio-3127; *Dzina v. Dzina*, Cuyahoga App. No. 80029, 2002-Ohio-2753; *Dzina v. Avera Internatl. Corp.*, Cuyahoga App. No. 86583, 2006-Ohio-1363.

limited remand was the determination of what portion of the $750,000 attorney fees award can be attributed to the invalid indemnification agreement.   Thereafter, that sum was to be subtracted from the $750,000.

{¶ 5}   After briefing by the parties, on December 7, 2009, the magistrate issued his decision on our limited remand.   On February 4, 2010, the trial court overruled the objections of both parties and adopted the magistrate's decision in its entirety.

{¶ 6}   The appellant appealed and assigned as error:

I.      **"The trial court erred and abused its discretion in failing to add back the monies due appellant the $750,000 in fees which had been deducted with respect to the indemnification agreement issue."**

II.      **"The trial court erred and abused its discretion in calculating the amount due to the appellant from the appellee and in ordering this erroneous amount paid in periodic payments."**

{¶ 7}   On the limited remand, the trial court approved the magistrate's determination, which read in pertinent part:

{¶ 8}   "The Magistrate finds, based on the trial record which includes the pleadings, the transcripts of prior proceedings, the exhibits introduced at trial, and the docket; that pursuant to the invalid indemnification agreements, $141,270 in attorney fees was awarded

against Defendant to the Plaintiff in the 5-27-07 Magistrate's Decision as adopted by the Court. These are fees incurred by Plaintiff's attorneys, primarily in the <u>Crawford</u> cases, which were not found to have been incurred due to Defendant's financial misconduct under ORC sec. 3105.171(E)(3).

{¶ 9} "The Magistrate finds that the net effect of the recommendations made above is that Plaintiff should pay to Defendant $70,347. This sum represents monies due Defendant under the parties' Separation Agreement, after set offs for her conduct in collaterally attacking the terms of the divorce settlement that she had previously agreed to, using the C.I.S. corporate alter-ego fiction in the General Division lawsuits. The Magistrate recommends that execution shall not issue against Plaintiff provided that Plaintiff makes monthly payments to Defendant of $1,172.45 for a period of 60 months from the journalization of the judgment entry ordered below.

{¶ 10} "Costs should be split equally by the parties. Any motions not specifically dealt with above are recommended denied."

{¶ 11} Appellant's first assignment of error argues that the entire $750,000 attorney's fee award was attributable to the indemnification agreement.

{¶ 12} However, the trial court's 2007 judgment entry expressly stated that the $750,000 represented the reasonable attorney's fees attributable to defendant's financial misconduct *and* breach of the indemnification agreement. In the prior appeal, this court

noted that the very fact that both sources contributed to the award required the remand. On remand, the magistrate rejected appellant's efforts to attribute all of the attorney's fees to the indemnification agreement, and the court adopted the magistrate's decision. Appellant has not demonstrated that the trial court abused its discretion by failing to attribute all of the attorneys fees awarded to the indemnification agreement.

{¶ 13} Appellant also contends that the trial court disregarded this court's mandate. The prior appellate court order told the trial court to determine whether any part of the attorney's fees award included fees related to the indemnification agreements, and if so, to determine the amount and deduct that amount from the award. The magistrate's decision did this. The magistrate concluded that $141,270 of the attorney's fees award was related to the invalid indemnification agreements, and the net effect of this determination was to reduce the amount of the award due to plaintiff from $70,923 to $70,347. The trial court adopted the magistrate's decision and awarded plaintiff $70,347. It did not disregard the mandate.

{¶ 14} Accordingly, the first assignment of error is overruled.

{¶ 15} In her second assignment of error, the appellant re-argues the interest and periodic payment issue asserted, argued, and disposed of in appellee's favor in *Dzina VI*, supra, ¶18 and 19. This portion of the second assignment of error will not be reconsidered. It is the law of the case. *State v. Rodriguez*, Cuyahoga App. No. 95055, 2010-Ohio-4902, at ¶27.

{¶ 16} Likewise, the appellant re-argues the pre-1998 tax liability issue provided for in the trial court's December 27, 2007 order and affirmed in *Dzina*, supra. We stated:

{¶ 17} "Nancy contends the trial court violated our mandate by allowing Daniel to post a property bond worth $1.4 million, for the payment of Nancy's half of the pre-1998 taxes. She contends our remand order specifically required money to be placed in escrow.

{¶ 18} "We conclude the trial court did not violate our remand. The reason we ordered $559,017 to be placed into escrow was to ensure that there were available funds to pay Nancy's half of the pre-1998 taxes, once the amount was determined on remand. Because the property bond exceeds the ordered amount, the tax authorities were ensured to receive any money due by virtue of the property bond. Moreover, the trial court explicitly stated the bond could not be removed unless Daniel placed money into escrow to cover the tax liability."

*Dzina VI*, supra at ¶20-21.

{¶ 19} This likewise is the law of the case. *Rodriguez*, supra. The appellant's second assignment of error is overruled.

{¶ 20} The trial court's order is affirmed in all respects.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, J., CONCURS;
MELODY J. STEWART, P.J., DISSENTS
(SEE ATTACHED OPINION)

MELODY J. STEWART, P.J., DISSENTING:

**{¶ 21}** On reconsideration, I respectfully dissent from the decision reached by the majority in this case. It is clear that on remand, the trial court failed to provide the itemization and delineation of fees as instructed by this court's previous mandate.

**{¶ 22}** Although the magistrate's calculation of attorney fees, indeed, may be the proper resolution to this protracted litigation, there is no way for this court to conduct a meaningful review of the amount awarded without the details of how the court arrived at its figures. We have held that where the basis of a court's calculation of an award is not apparent, the case would be remanded. See *Ryan v. Terra Vista Estates, Inc.* (1995), 102 Ohio App.3d 474, 482, 657 N.E.2d 522. See, also, *Domaradski v. Sliwinski*, 8th Dist. No. 94975, 2011-Ohio-2259. Furthermore, although mathematical certainty is not required, the trial court must demonstrate some basis for how it calculates an award. *Maryland Natl. Bank*

*v. Gregorcic* (Mar. 11, 1982), 8th Dist. No. 43779, *6. Because the trial court failed to itemize the attorney fees, though specifically instructed to do so, I would reverse the decision of the trial court and remand the case with the same instructions mandated in the prior appeal.